IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MONIKA MICHELLE HILL, *Petitioner,* v. UNITED STATES OF AMERICA, *Respondent.* | Criminal No.: ELH-13-0248 Civil Action No.: ELH-17-879 and Criminal No.: ELH-15-0586 Civil Action No.: ELH-17-880 |

**MEMORANDUM**

In this Memorandum, I consider a post-conviction petitioner's requests for issuance of a Certificate of Appealability in regard to two post-conviction convictions that were previously denied by this Court.

### I. Procedural Background

Monika Michelle Hill, Petitioner, filed motions to vacate under 28 U.S.C. § 2255 in two criminal cases. In ELH-13-0248 ("Case I"), Hill entered a plea of guilty to the charges of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and aggravated identity theft, in violation of 18 U.S.C. § 1028(a)(1). In ELH-15-0586 ("Case II"), Hill entered a plea of guilty to the offenses of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349; aggravated identity theft, in violation of 18 U.S.C. § 1028(a)(1); and the commission of an offense while on pre-trial release, in violation of 18 U.S.C. § 3147(1).

The Court conducted a joint sentencing on June 24, 2016. *See* Case I, ECF 88; Case II, ECF 109. In accordance with Fed. R. Crim. P. 11(c)(1)(C), Hill received a total sentence of eight years' imprisonment as to Case I, and a total sentence of ten years in Case II, concurrent with the

sentence in Case I. She was also ordered to pay restitution. Judgments were entered on June 30, 2016. *See* Case I, ECF 90; Case II; ECF 110. No appeal was noted as to either case.

Hill subsequently filed post conviction petitions in both cases, which were denied in a consolidated Memorandum Opinion and Order docketed on June 13, 2018. *See* Case I, ECF 122, ECF 123; Case II, ECF 226, ECF 228. For each petition, I denied a Certificate of Appealability ("COA"), but pointed out to Petitioner that my decision as to a COA did not preclude her from seeking a COA from the appellate court. *See*, *e.g.*, Case I, ECF 122 at 31 n.7.

Hill took no action in regard to the disposition of her post conviction petition until on or about December 13, 2018. At that time, she submitted a request to the United States Court of Appeals for the Fourth Circuit, asking for an extension of time to seek a COA as to both cases. *See* Case I, ECF 124; *see also* ECF 124-1; Case II, ECF 229. Hill explained that she received this Court's rulings on June 21, 2018. *Id.* But, she claimed that in "Aug. 2018," her "mental illness . . . became an unbearable factor leaving [her] mentally and emotionally incompetent." *Id.* She did not indicate a particular date in August when she became disabled, nor did she explain why she took no action from June 21, 2018 through July 2018. *Id.* Moreover, Hill claimed that in September 2018, she was transferred to a new institution, and was without her "legal paperwork" until December 12, 2018.

The Chief Deputy Clerk for the United States Court of Appeals for the Fourth Circuit wrote a letter to Petitioner on January 2, 2019, advising that the motion for extension of time to file a COA had been received. Case I, ECF 124-2; Case II, ECF 229 at 3. The Fourth Circuit's date of receipt was not specified. In any event, the Chief Deputy Clerk advised Ms. Hill that her motion "should be addressed to the federal district court." *Id.*

Therefore, by letters dated January 21, 2019 (docketed January 28, 2019), Ms. Hill submitted a request to this Court for an extension of time in which to file a request for a COA. *See* Case I, ECF 124-1; Case II, ECF 229.

The government has filed a joint opposition to the motions for extension of time. *See* Case I, ECF 125.[1] In its opposition, the government asserts that Hill had 14 days in which to note an appeal. It cites Fed. R. App. P. 4(b), which governs appeals in a criminal case. However, post-conviction proceedings are docketed as civil cases.

Ms. Hill has replied. Case I, ECF 126; Case II, ECF 232. Among other things, Hill asserts that she was entitled to 60 days to note an appeal, pursuant to Rule 4(a)(1)(B)(i). That rule states: "A notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is: (i) the United States." Because Hill received the Court's Order denying post-conviction relief on June 21, 2018, she claims she had until August 19, 2018, to seek a Certificate of Appealability. *Id.* But, she claims that she became mentally incompetent "on or around August 1, 2018," and was unable to function. *Id.* And, because Hill was moved to a new institution in September 2018, she adds that she was without her legal materials until December 12, 2018. *Id.*

## II. Discussion

Timely filing of a notice of appeal is "mandatory and jurisdictional." *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 203 (1988). Under Fed. R. App. P. 4(a)(1)(A), the notice of appeal in a civil case generally "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." However, a notice of appeal may be filed "by any party within

---

[1] Despite the fact that the government's submission contains the caption for both criminal cases, it does not appear that the opposition was actually docketed in Case II.

60 days after entry of the judgment or order" if, *inter alia*, "one of the parties is: [i] the United States . . . ." Fed. R. App. P. 4(a)(1)(B).

Fed. R. App. P. 4(a)(5) governs motions for extension of time in which to file an appeal. It provides, *id.*:

> (5) **Motion for Extension of Time.**
>
>> (A) The district court may extend the time to file a notice of appeal if:
>>
>>> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>>>
>>> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.
>>
>> (B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.
>>
>> (C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.

As noted, I issued my Order with respect to the post conviction petitions on June 13, 2018. Accordingly, Hill was required to file her request for a COA within 60 days from that date, *i.e.*, on or before August 13, 2018. Under Fed. R. App. P. 4(a)(5), the deadline for filing a motion for extension of time in which to file the appeal was September 13, 2018. But, Ms. Hill's extension requests were not filed until December 13, 2018.

The Court is unaware of any authority that would permit it to grant Ms. Hill's belated extension request. Fed. R. App. P. 5(C) clearly states: "No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time . . . ." Moreover, Ms. Hill concedes that she received the Court's rulings on June 21, 2018. *See* Case I, ECF 124; Case II, ECF 229 at 2. Therefore, to the

4

extent that Fed. R. App. 4(a)(6) permits reopening of the time to file an appeal, it does not apply here. *See* Rule 4(a)(6)(A).

A separate Order follows, consistent with this Memorandum.


Date:   March 27, 2019                                  /s/
                                        Ellen L. Hollander
                                        United States District Judge